UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:09CV-P802-S

HERBERT WARD                                                                                           PLAINTIFF

v.

ARAMARK CORRECTIONS FOOD SERVICE *et al.*                                   DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant ARAMARK Correctional Services LLC's (ARAMARK's) and Defendant John Snyder's motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (DNs 22 & 48). Plaintiff filed responses (DNs 28, 49 & 51), and Defendants replied (DNs 32 & 52). The matter is ripe for adjudication, and for the reasons that follow, Defendant ARAMARK's motion to dismiss will be granted in part and denied in part, and Defendant Snyder's motion will be granted.

### I.

"The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, -- U.S. -- , 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and

(2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 557).

## II.

In the *pro se* complaint (DN 1) and two amended complaints (DNs 4 & 6) brought pursuant to 42 U.S.C. § 1983, Plaintiff Herbert Ward seeks damages and injunctive relief for alleged Eighth Amendment violations committed by ARAMARK, an entity which provides food services under contract with the Kentucky Department of Corrections, and Defendant John Snyder, ARAMARK's former Food Services Director at the Kentucky State Reformatory ("KSR").[1] Plaintiff alleges inadequacies in the quality, quantity, and preparation of food at KSR and of unsanitary conditions in KSR's dining hall and kitchen. He asserts that Defendant ARAMARK "cuts corners to make money."

In Defendant ARAMARK's motion to dismiss (DN 22), it argues (1) that Plaintiff fails to demonstrate exhaustion of available administrative remedies; and (2) that he fails to allege any physical injury as a result of being served meals during his incarceration at KSR or that he

---

[1] Plaintiff sues Defendant Snyder in his individual capacity. Additionally, counsel advises that Defendant Snyder is no longer Food Services Director at KSR but is still employed by ARAMARK.

2

sought any medical treatment for a resultant injury. In Defendant Snyder's motion to dismiss (DN 48), he, too, argues that Plaintiff has not demonstrated exhaustion and additionally argues that Plaintiff failed to allege that Defendant Snyder personally caused him any harm.

### A. Defendant Snyder

Plaintiff appears to seek to hold Defendant Snyder liable based on his position as Food Services Director for ARAMARK at KSR. However, the doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Additionally, "simple awareness of employees' misconduct does not lead to supervisor liability." *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003) (citing *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 728 (6th Cir. 1996)). Rather, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 129 S. Ct. at 1948; *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (stating that supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act'") (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)).

Here, Plaintiff fails to plead any specific wrongdoing committed by Defendant Snyder. He does not even name him in the body of the complaint. Plaintiff, therefore, has failed to state a claim upon which relief may be granted against Defendant Snyder, and Defendant Snyder's motion to dismiss will be granted.

### B. Defendant ARAMARK

#### 1. Exhaustion

Defendant ARAMARK advises that the Kentucky Department of Corrections (KDOC) has a four-tiered grievance system: (1) a prisoner must file a grievance with the grievance coordinator; (2) if the prisoner is unsatisfied with the informal resolution, he must request a hearing; (3) if the inmate is then unsatisfied with the hearing results, he must appeal the grievance to the warden; and (4) if the inmate is unsatisfied with the warden's decision, he must appeal to the commissioner. Defendant ARAMARK indicates that it attached a copy of KDOC's grievance procedures (Corrections Policy and Procedure (CPP) 14.6) as Exhibit 1, but its motion to dismiss contains no exhibits. Defendant additionally argues that the record is devoid of a single example of Plaintiff requesting a hearing or appealing a grievance. Defendant has failed to substantiate this claim with an affidavit or other documentation.

Under the Prison Litigation Reform Act (PLRA), a prisoner may not bring an action under federal law related to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "To exhaust his administrative remedies, a prisoner must adhere to the institutional grievance policy, including any time limitations." *Risher v. Lappin*, -- F.3d --, 2011 WL 941520, at *2 (6th Cir. Mar. 21, 2011) (citing *Woodford v. Ngo*, 548 U.S. 81, 90–91 (2006)). The Sixth Circuit "requires an inmate to make 'affirmative efforts to comply with the administrative procedures,' and analyzes whether those 'efforts to exhaust were sufficient under the circumstances.'" *Risher*, 2011 WL 941520, at *2 (quoting *Napier v. Laurel County, Ky.*, -- F.3d --, 2011 WL 420503, at *4 (6th Cir. Feb. 9, 2011) (internal quotation marks and citation omitted)). "[F]ailure to exhaust administrative remedies under the

PLRA is an affirmative defense that must be established by the defendants." *Napier*, 2011 WL 420503, at *5 (citing *Jones v. Bock*, 549 U.S. 199, 204 (2007)).

Defendant ARAMARK fails to meet its burden. Plaintiff was not required to demonstrate exhaustion in his complaint, and he advises in response to Defendant's motion to dismiss that he has copies of grievances available during discovery (DN 51). Defendant has not attached any affidavit showing that Plaintiff failed to file any grievance related to the matters at hand, and it did not file any partial grievance showing that Plaintiff did not appeal through completion of the grievance process. Defendant did not even produce a copy of CPP 14.6, the only exhibit it claimed to have filed.

Because Defendant ARAMARK has failed to establish Plaintiff's failure to exhaust available administrative remedies, its motion to dismiss will be denied in this regard. However, because Defendant has indicated a desire to rely on the affirmative defense of exhaustion, in the interest of judicial economy, the Court will provide Defendant ARAMARK with another opportunity to raise the exhaustion issue, this time using the appropriate standard. Defendant is cautioned that it is its burden to demonstrate that Plaintiff did not properly exhaust his administrative remedies and that proper exhaustion is determined by the requirements set out in the particular grievance procedure in place at the time the events giving rise to the complaint occurred. Exhaustion of administrative remedies is a matter of abatement. *See Adkins v. Wright*, No. 4:08-CV-P38-M, 2010 WL 290541, at *2 (W.D. Ky. Jan. 21, 2010). As such, it is proper for the Court to consider matters outside the pleadings to resolve the matter. Thus, Defendant ARAMARK should support its renewed motion with appropriate affidavits as well as with a copy of the relevant grievance procedure.

## 2. Physical injury

Defendant ARAMARK argues that Plaintiff makes no allegation that its alleged constitutional violations caused him to suffer any physical injury as a result of being served meals at KSR or that he sought medical treatment for a resultant injury. Thus, Defendant claims Plaintiff's complaint must be dismissed under 42 U.S.C. § 1997e(e). Plaintiff responds that due to an improper diet, he is having much difficulty with his intestines and has irritable bowel syndrome. He also advises that medical records show weight loss.

Under § 1997e(e), "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). "[E]ven though the physical injury required by § 1997e(e) for a § 1983 claim need not be significant, it must be more than *de minimis* for an Eighth Amendment claim to go forward." *Jarriett v. Wilson*, 162 F. App'x 394, 400 (6th Cir. 2005).

As to Plaintiff's claim of inadequacies in the quality, quantity, and preparation of food at KSR, in an attachment to the first amended complaint (DN 4), Plaintiff alleges that ARAMARK waters down its food and replaces healthy food, like fruit, with high-fat foods, like butter and cakes. He further alleges that ARAMARK's food preparation policies have caused him weight loss. In the second amended complaint (DN 6),[2] Plaintiff contends that ARAMARK's food is "improper; inadequate and non-nutritious"; that he now suffers from gastric reflux; that he constantly is hungry and has intestinal problems from eating ARAMARK's food; and that he has

---

[2] While Plaintiff lists only Defendant Snyder in the caption of the second amended complaint, the statement of claim contains allegations regarding ARAMARK's food practices.

no teeth but medical/dental will not order him a "soft diet" because they say ARAMARK will ignore it.

At this stage in the litigation of this action, and taking Plaintiff's allegations in his complaint and its amendments as true, the Court concludes that Plaintiff has alleged more than a *de minimis* physical injury as a result of ARAMARK's food policies and practices. *See, e.g., Pratt v. Corr. Corp. of Am.*, 124 F. App'x 465, 467 (8th Cir. 2005) (finding more than a *de minimis* injury where plaintiff alleged that "his vegetarian meals lacked adequate nutritional value and caused him to lose 30 pounds"). For these reasons, the Court will deny Defendant ARAMARK's motion to dismiss with respect to Plaintiff's claim that the food is nutritionally inadequate in violation of the Eighth Amendment.

With respect to Plaintiff's allegation that ARAMARK engages in unsanitary practices, in the complaint, he states that the roof leaks and "they got Roachs mice rats all through the kitchen and do nothing about it" (DN 1), and in the second amended complaint, he states that "Inmates have been quite sick due to Aramarks unsanitary practices and there have been times worms/bugs, small bones and peebles have been found in the foods and KSR staff do know this" (DN 6). Plaintiff, however, does not allege that he has suffered any injury as a result of these complaints and fails to meet § 1997e(e)'s physical-injury requirement. The Court, therefore, will grant Defendant ARAMARK's motion to dismiss with respect to Plaintiff's unsanitary practices claim.

**III.**

For the reasons discussed more fully above, and being otherwise sufficiently advised,

**IT IS ORDERED** that Defendant ARAMARK's motion to dismiss (DN 22) is **GRANTED in part** and **DENIED in part**. It is **GRANTED** with respect to Plaintiff's unsanitary practices claim and **DENIED** in all other respects.

**IT IS FURTHER ORDERED** that within **30 days** of the entry of this Memorandum Opinion and Order, Defendant ARAMARK shall file a renewed motion to dismiss if it intends to rely on the affirmative defense of exhaustion. Plaintiff shall file a response within **30 days** of the date contained in Defendant's certificate of service. Defendant may file a reply within **14 days** of the date in Plaintiff's certificate of service. The parties may conduct discovery related to the issue of exhaustion of administrative remedies, if necessary.

Finally, **IT IS ORDERED** that Defendant John Snyder's motion to dismiss (DN 48) is **GRANTED** and that Plaintiff's claims against that Defendant are **DISMISSED**. The Clerk of Court is **DIRECTED** to terminate Defendant Snyder as a party to this action.

Date:

cc: Plaintiff, *pro se*
    Counsel of record
4411.005